UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-------------------------------------------------------X
Rhonda Howard,

         Plaintiff,

   -against-

Zenith Financial Group, LLC


         Defendant.
-------------------------------------------------------X

2:14-cv-112-WCO-JCF

Civil Action No.:_____


**VERIFIED COMPLAINT**

   Now comes Plaintiff Rhonda Howard (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Zenith Financial Group, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      Plaintiff is a natural person and a resident of the State of Tennessee, Montgomery County.

4.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.       Upon information and belief, Defendant Zenith Financial Group, LLC  is a Georgia corporation conducting business from offices located at3276 Buford Drive, Suite 104-178, in Buford, Georgia 30518.

6.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.      Upon information and belief, Plaintiff allegedly incurred a debt originating from a pay day loan (referred to hereinafter as the "Alleged Debt").

9.      Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10.     In or around December 2013, Defendant commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff.

11.     In or around December, 2013, Plaintiff received a missed telephone call and voicemail message from Ms. Anita Towns, who, upon information and belief, is an agent of the Defendant.

12.     In said voicemail, Ms. Towns indicated that the call was in reference to a "returned item from [her] bank set to enforce out of Montgomery County" and that "[t]his returned item could mandate 6 to 12 months incarceration."

13.     In said voicemail Ms. Towns also indicated that they would be sending a "uniformed officer to [her] residence or place of employment."

14.     Finally, Ms. Towns indicated that the call was regarding a "complaint for check fraud" and that Plaintiff should contact Ms. Towns "as soon as possible to interrupt legal action".

15.     Upon information and belief, no legal action has been initiated by Defendant against Plaintiff.

16.     At no time during the communication did Ms. Towns state that Plaintiff has the right to dispute or verify the Alleged Debt.

17.     Upon information and belief, to date, Plaintiff has not received any such communication from Defendant.

18.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(7)

19.     Defendant's conduct violated 15 U.S.C. §1692e(7) in that Defendant accused Plaintiff of committing a crime by not paying the Alleged Debt.

20.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## (Violations of 15 U.S.C §1692e(5))

21.     Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with legal action.

22.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
## (Violations of 15 U.S.C §1692e)

23.     Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations in connection with the collection of the Alleged Debt.

24.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g)

25.     Defendant's conduct violated 15 U.S.C. §1692g, in that Defendant failed to inform the

Plaintiff that he had a right to dispute the validity of the debt within 5 days of the initial

communication with the Plaintiff.

26.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is

therefore entitled to damages in accordance with the FDCPA.


## DEMAND FOR TRIAL BY JURY

27.      Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

  **WHEREFORE**, Plaintiff Rhonda Howard demands judgment against the Defendant Zenith

Financial Group, LLC as follows:

   A.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

   B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

   C.   For a declaration that the Defendant is subject to the requirements of the FDCPA and its

       practices, as alleged herein, violated the FDCPA; and,

   D.   For any such other and further relief, as well as further costs, expenses and disbursements

       of this action, as this Court may deem just and proper.

Dated:  New York, New York
      May 27, 2014

                       Respectfully submitted,

By: ***s/ Catherine E. Bruce***
**Catherine E. Bruce, Esq.**
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
GA BAR No. 709795
Attorneys for Plaintiff